UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY A. ANDERSON,

    Plaintiff,

v.

CASE NO. 15-00950-CIV
CORRIGAN/RICHARDSON

KCS INTERNATIONAL, INC., a/k/a CRUISERS YACHTS, INC., and THE BOAT CONNECTION,

    Defendants.

_____/

**<u>PLAINTIFF'S MOTION TO QUASH NON-PARTY SUBPOENA TO HANCOCK BANK</u>**

    COMES NOW Plaintiff, Gregory A. Anderson, by and through his undersigned attorney, and files this Motion to Quash Non-Party Subpoena to Hancock Bank, and in support thereof states:

    1.    Plaintiff brought the instant action against Defendants, KCS International, Inc. a/k/a Cruisers Yachts, Inc. ("Cruisers") and The Boat Connection, in relation to the purchase of a Cruisers 328 Bowrider Boat ("the Vessel") that to date, has failed to operate properly.

    2.    On or about January 28, 2016, Cruisers served notice of its intent to serve a Subpoena *Duces Tecum* on Hancock Bank, a copy of which is attached hereto as **Exhibit "A"**.[1] This is Cruiser's second attempt to improperly obtain Plaintiff's personal and confidential financial and banking information. After Plaintiff objected to Cruisers' first subpoena to Hancock Bank and threatened to file a Motion to Quash, Cruisers greatly modified the subpoena, narrowly tailoring its requests to the limited information to which it was entitled.

---

[1] The undersigned did not attached the other subpoenas subject of the Notice of Intent since they are not related to this Motion.

3. This time, rather than provide Plaintiff with a reasonable time to express the same objections he previously had to Cruisers' second subpoena to Hancock Bank[2], Cruisers served the subpoena on Hancock Bank only two (2) business days after providing its notice of intent to Plaintiff. So in effect, Plaintiff received one day notice as the process server went out on the second day.

4. Significantly, while simultaneously seeking personal and business financial documents that Cruisers had previously agreed it was not entitled to, Cruisers' counsel scheduled two (2) full days of depositions only three (3) weeks off without clearing the dates, without any prior notice and actually scheduling the Plaintiff, after a full day of deposition, to be re-deposed. This caused an initial flurry of letters, as would be expected, since the proposed scheduling was incredibly disruptive. When the undersigned made a good faith effort to resolve this issue (Exhibit "B"), noting that a reasonable time was not provided to object, Cruisers' counsel replied, "You wrote me twice on Friday and on Monday and said nothing about the subpoenas" (Exhibit "C") – as if that was the only issue the undersigned was tasked with responding to.

5. Nevertheless, the email for the notice of intent to subpoena was forwarded to the client and the issue was being addressed when Cruisers went ahead and served the subject subpoena with only one day notice as indicated.

6. Much like the prior subpoena to which Plaintiff objected, Cruisers again requested the Bank's "entire file" related to three (3) business bank accounts with which Plaintiff is affiliated. Although the subpoena states that there are "specific exclusions noted" on the subpoena, there are <u>no</u> exclusions. Cruisers' request for the Bank's "entire file" is overbroad,

---

[2] It goes without stating that Cruisers already knew of the confidential banking issue that it helped to craft and narrow the subpoena in exchanges with both parties' counsel.

harassing, and clearly out of the scope of relevance to this case and it encompasses privileged financial information.

7.   Moreover, even if there were exclusions included in the second subpoena, Cruisers is still not entitled to the information it seeks.  While Anderson used the services of Hancock Bank to finance the purchase of the Vessel, Cruisers is entitled to very limited information related to the financing arrangement.  In that Anderson is claiming damages for having to finance a malfunctioning Vessel, Cruisers is entitled to know the terms of the finance agreement, the interest rate applied, and the payments that have been made thus far.  Cruisers has received this information already and both Anderson and his wife have provided deposition testimony regarding this.

8.   The methods by which Plaintiff chose to pay for the Boat are not relevant to the fact that Cruisers sold Plaintiff a malfunctioning Boat.  Whether or not Plaintiff transferred funds from one bank account to another bank account to then write a check to Cruisers – the private account information is not relevant.  Cruisers has received payment for the Boat and the source of funds is not relevant but simply another means to harass Plaintiff and obtain his businesses' privileged financial information.

## MEMORANDUM OF LAW

9.   Rules 45 and 26 of the Federal Rules of Civil Procedure govern the discovery process including subpoenaing third parties for documentation.

10.   Rule 45(d)(3)(A)(iii) states that a subpoena must be quashed or modified when it requires disclosure of privileged or other protected matter, if no exception or waiver applies. *Id.*

11.   Anderson's confidential banking and financial information is privileged and not subject to disclosure. See *Quillet v. Usha Jain*, 2014 U.S. Dist. LEXIS 65542, 5 (M.D. Fla.

2014) (recognizing that many courts have determined that parties have a personal interest in the confidentiality of their financial records that is sufficient to confer standing to challenge a subpoena directed to a third-party).

12. In *Yormak v. Yormak*, 2014 U.S. Dist. LEXIS 175413, 6 (M.D. Fla. 2014), the Court quashed subpoenas directed to Yormak's personal accountants that sought, *inter alia*, production of "all records, financial and otherwise pertaining to Benjamin Yormak personally" and "any and all personal tax returns pertaining to Benjamin Yormak." Although less obvious than the specific requests in *Yormak*, Cruisers' request for "your entire file" for three (3) business accounts that are not even parties to this action seeks to accomplish the same thing. Cruisers is simply not entitled to this information, had not identified any basis for requesting this information, and its subpoena directed to Hancock Bank should be quashed under Rule 45.

13. Rule 26, Federal Rules of Civil Procedure, provides a separate basis for quashing the subpoena to Hancock Bank. Cruisers' request for Anderson's business financial information, including information completely unrelated to the Vessel in question, is harassing and annoying to Anderson (and his wife) and not likely to lead to the discovery of admissible evidence.

14. This Court has recognized that under Rule 26, "upon motion by a party … and for good cause shown, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Maxwell v. Health Ctr. Of Lake City*, *Inc.*, 2006 U.S. Dist. LEXIS 36774, 6 (M.D. Fla. 2006).

15. In *Maxwell*, the defendant sought to serve subpoenas to six (6) of plaintiff's prior employers, requesting plaintiff's entire personnel file. *Id*. at 2. This Court noted that it was not even required to proceed under Rule 45 because Rule 26 applied. Following the analysis of this Court in *Maxwell*, the Court must balance Cruisers' interest in obtaining Anderson's business

financial and banking information against Anderson's interest in keeping said information confidential in determining whether good cause exists. See *Id*. at 6. Other than obtaining the very limited information related to Anderson's claim for damages (amount financed and interest and payment-related information that Cruisers has already obtained), any legitimate interest of Cruisers is non-existent.

16. In *Maxwell*, this Court determined that while some of the documents in plaintiff's personnel file may reasonably lead to admissible evidence, the blanket requests for her entire personnel file were overly broad. *Id*. at 8. The same is true of documents maintained in Anderson's files at Hancock Bank. However, Cruisers' blanket requests are not narrowly tailored to ensure nondisclosure of unrelated and confidential information. Given the limited amount of information Cruisers was entitled to obtain from Hancock Bank and the fact that Cruisers could have easily obtained this same information directly from Anderson, the Court should consider requiring Cruisers to obtain any relevant information from Anderson and not a non-party. See *Maxwell* at 6-7 (finding that where non-parties are concerned, the Court should consider the interests of the non-parties and whether Defendant can obtain the information it requests from another source).

## SUMMARY

17. It is undisputed that Anderson has a personal right and interest in protecting his personal and his business financial and banking information from disclosure. This personal right provides Anderson with the standing to challenge Cruisers' non-party subpoena to Hancock Bank under Rule 45. In asserting a claim for damages against Cruisers, the only financial information Anderson has potentially waived is information related to the amount financed and the interest accrued for the subject Vessel – which Cruisers has already received.

18. The fact that Cruisers could obtain this limited information from Anderson directly is telling of Cruisers' motivations in making its overly broad requests to Hancock Bank. Cruisers' requests are harassing and annoying in nature and Anderson is entitled to protection under Rule 26 for this additional reason.

19. For any one of these reasons, but especially due to the combination of all of them, the Court should quash Cruisers' subpoena to Hancock Bank.

WHEREFORE Plaintiff, Gregory A. Anderson, respectfully requests this Court to quash the subpoena directed to Hancock Bank by KCS International, Inc. d/b/a Cruisers Yachts, Inc., and for any other and further relief this Court deems appropriate and just.

## NOTICE OF COMPLIANCE

Pursuant to Local Rule 3.01, the undersigned conferred with counsel for Cruisers prior to filing this Motion, but the parties were unable to reach a resolution as to the non-party subpoena subject of the instant Motion.

<em>P. Campbell Ford</em>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of February 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notices of electronic filings to the following:

Henry H. Bolz, III
Keller & Bolz, LLP
121 Majorca Ave., #200
Coral Gables, Florida 33134
hbolz@kellerbolz.com
ahart@kellerbolz.com
305-529-8500 (telephone)
305-529-0228 (facsimile)
*Counsel for Defendant, The Boat Connection, Inc.*

Christina M. Paul
K & L Gates, LLP
200 South Biscayne Blvd.
Suite 3900
Miami, Florida 33131
christina.paul@klgates.com
linda.vasserot@klgates.com
docketing.east@klgates.com
305-539-3300 (telephone)
305-358-7095 (facsimile)
*Counsel for KCS Int'l a/k/a Cruisers Yachts, Inc.*

/s/ P. Campbell Ford
P. Campbell Ford
Counsel for Plaintiff