UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:15-cv-950-TJC-MCR

GREGORY A. ANDERSON,

        Plaintiff,
v.

KCS INTERNATIONAL, INC., a/k/a
CRUISERS YACHTS, INC., and
THE BOAT CONNECTION,

        Defendants.
_____/

**DEFENDANT KCS INTERNATIONAL, INC.'S MOTION FOR A PROTECTIVE ORDER AS TO THE SECOND CORPORATE REPRESENTATIVE DEPOSITION NOTICED FOR FEBRUARY 23, 2016 AND REQUEST TO STAY DEPOSITION PENDING COURT RESOLUTION OF THE MOTION**

Defendant KCS International, Inc., a/k/a Cruisers Yachts, Inc. ("Cruisers"), by and through undersigned counsel and pursuant to Rule 26(c) and Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure, hereby request that the Court enter a protective order barring Plaintiff, Gregory Anderson, from proceeding with the second scheduled deposition of the Cruisers' corporate representative on February 23, 2016, as well as a stay of the deposition pending resolution of the motion. In support thereof, Cruisers states as follows:

1.     This entire lawsuit revolves around Plaintiff's purchase of the subject vessel, and his contentions that there have been warranty issues with said vessel. Plaintiff has described the dispute as a "warranty case" in recent correspondence. However, the litigation has unfortunately become acrimonious as discovery has unfolded, leading Plaintiff to engage in retaliatory

discovery actions intended only to frustrate and harass Cruisers.[1]  One example of this is that Cruisers previously propounded discovery requests on Plaintiff on October 7, 2015.  Plaintiff responded to these requests by largely referring to his Initial Disclosures, but there were a number of deficiencies, such as missing pages in the Initial Disclosures.  Cruisers requested by email the over a hundred missing pages as early as November 3, 2015, and again by way of a conferral letter dated January 12, 2016.  It was only on January 25, 2016—*the day before Plaintiff's deposition was to be taken*—that Plaintiff produced over a thousand pages of documents, a number of which were entirely new and had never been produced before.  After reviewing these new documents which contain highly relevant communications that open up new lines of questioning, counsel for Cruisers stated their intention to continue Plaintiff's deposition in order to ask questions regarding the new documents.[2]  While that deposition has now been scheduled for February 24, 2016, Plaintiff's counsel has engaged in a flurry of retaliatory actions intended only to burden Cruisers.

2. On February 2, 2016, Plaintiff served a Notice of Taking Videotaped Deposition of Corporate Representative of KCS International, Inc. a/k/a Cruisers Yachts, Inc. to take place on February 23, 2016.  *See* **EXHIBIT A**.  As will be detailed further below, this is the *second* deposition for a Cruisers' corporate representative.  There are only five topics listed for the deposition, although they are more accurately described as questions rather than topic areas (e.g. "How each of the batteries is charged on the subject vessel;" "Whether or not any of the batteries are charged by the motor(s) when the subject vessel is underway and if so, which batteries are charged;" etc.).

---

[1] Immediately before the filing of this Motion, Plaintiff filed a Motion for Leave to Amend Complaint that seeks to add claims for intentional misrepresentation and punitive damages in what is, and has always been, a simple warranty dispute.  *See* ECF No. 21.
[2] Pursuant to Middle District Discovery (2015) at Rule II.C.2, a party noticing a deposition may subsequently re-examine the deponent regarding new documents that "are not timely produced prior to the deposition."

3. Three depositions have already been scheduled by all parties for February 24, 2016, and the Court-ordered mediation is scheduled for February 25, 2016—accordingly, the February 23, 2016 date that Plaintiff has noticed for the second Cruisers' corporate representative deposition is simply not feasible as counsel for Cruisers will have to fly to Wisconsin to defend the second corporate representative deposition. Based on available flights, counsel for Cruisers will have to fly out the next morning and will be in the air during the depositions scheduled for February 24, thus requiring the rescheduling of those depositions.

4. Plaintiff had previously taken the deposition of Cruisers' corporate representative *for over 10 hours* on January 19-20, 2016. *See* **EXHIBIT B**. The Cruisers' corporate representative, Mr. Ken Hayes, was flown in to Miami from Wisconsin at Plaintiff's request (and at Cruisers' expense), and was made available for deposition at a schedule tailored to Plaintiff's needs. In addition to Mr. Hayes' deposition, Cruisers also flew in two other employees, Mr. John Ferfecki and Mr. Rick Knedlhans, for their depositions on January 20, 2016. *See* **EXHIBIT C**. Again, Cruisers agreed to bring these deponents to Miami in order to convenience Plaintiff's counsel, who had previously expressed reluctance to travel to Wisconsin in the winter.

5. During the 10 hours of Cruisers' corporate representative deposition, counsel for Plaintiff asked a multitude of questions about the batteries and battery chargers on the subject vessel. *See, e.g.*, Excerpts from Deposition of Ken Hayes at 12:13-19, 12:20-22, 12:24-25, 13:1-5, 13:11-17, 14:4-11, 15:10-15, 15:17-20, 19:13-18, 19:20-23, 30:17-25, 31:1, 33:10-15, 40:5-9, 40:11-17, 40:19-25, 41:1-2, 49:13-25, 50:1-2, 51:9-23, 52:1-18, 54:5-11, 56:10-21, 56:23-25, 57:2-24, 66:1-3, 67:6-14, 67:13-14, 72:3-13, 74:16-25, 75:1-2, 78:8-10, 86:22-24, 87:2-3, 87:19-25, 88:1-3, 101:20-23 attached as **EXHIBIT D**. For example, "topic area" number 1 asks

"[h]ow each of the batteries is charged on the subject vessel." Plaintiff asked the following questions of the Cruisers' corporate representative:

> Q: How do the inverter batteries get charged?
>
> A: By the inverter, by being plugged in the shore power.
>
> Q: So the shore power, if I understand your answer correctly, that power goes directly to the inverter and the inverter goes to the batteries?
>
> A: The inverter it's a inverter/charger.
>
> Q: So it's actually a battery charger as well?
>
> A: Yes.

*See* Ex. D at 67:6-14. Similarly, "topic area" number 2 asks "[w]hether or not any of the batteries are charged by the motor(s) when the subject vessel is underway and if so, which batteries are charged." Plaintiff asked the following question of the Cruisers' corporate representative:

> Q: Do the house batteries charge up from the engine operating?
>
> A: Yes.

*See* Ex. D at 66:1-3. As another example, "topic area" number 3 asks for "[t]he number of battery chargers that exist on the vessel and where they are located and which batteries each battery charger charges." During the corporate representative deposition, the following line of questioning occurred from Plaintiff:

> Q: Where are the house batteries located on the boat?
>
> A: In the engine compartment.
>
> Q: And where are the inverter batteries?
>
> A: In the engine compartment.
>
> …
>
> Q: And how many inverter batteries are there?

> A: Four.
>
> Q: So there's three house batteries and four inverter batteries?
>
> A: Total of seven, yes, sir.
>
> Q: Are there port batteries and starboard batteries?
>
> A: You have a house battery, and then you have a battery for the port engine and a battery for the starboard engine, yes.
>
> Q: So that would be the three house batteries that you were describing?
>
> A: Well, you have one house, you have one engine for the port, one battery for the port engine and one battery for the starboard engine.

*See* Ex. D at 56:10-57:24. Furthermore, counsel for Plaintiff asked similar questions of both Mr. Ferfecki and Mr. Knedlhans, both employees of Cruisers.

6. Despite having already questioned the Cruisers' corporate representative for over 10 hours, including substantial lines of questions revolving around the inverter and battery chargers on the subject vessel, Plaintiff has now stated that he intends to take a *second* deposition of the Cruisers' corporate representative on five topics, each of which relates only to the operation of the batteries and battery chargers on the vessel. *See* Ex. A at 2. In fact, these five "topic areas" are nothing more than just five questions which can be easily answered by way of an interrogatory (a proposal that Plaintiff has refused).

7. Federal Rule of Civil Procedure 30(a)(2)(A) provides that if the parties have not stipulated to the deposition, then Court leave is required for a deposition if "the deponent has already been deposed in the case…" This "limitation[] on multiple depositions of the same person appl[ies] to Rule 30(b)(6) motions." *See Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185 CIV, 2008 WL 360588 at *3 (S.D. Fla. Feb. 8, 2008).

8. Courts that consider whether or not to allow a second deposition of an individual or corporate representative who has already been deposed consider three factors: 1) whether the

discovery is unreasonably cumulative or duplicative, 2) whether the party seeking discovery has "had ample opportunity by discovery in the action to obtain the information sought," and 3) a balancing test of the burden of the discovery versus its likely benefit. *See, e.g.,* Fed. R. Civ. P. 26(b)(2)(i-iii); *see also Provide Commerce*, 2008 WL 360588 at *3.

9. As detailed above, the topic areas that Plaintiff has propounded to Cruisers are certainly cumulative and duplicative, as they have already been explored at length both in the prior 10 hours of Cruisers' corporate representative deposition, as well as the other Cruisers' employees' depositions. Similarly, Plaintiff has had multiple opportunities to obtain this discovery elsewhere—in fact, Cruisers has offered to provide the answers to the five questions that are included as topic areas in the second corporate representative deposition notice by way of sworn interrogatory answers under an accelerated time frame. *See* **EXHIBIT E** at 2-3. Plaintiff has refused this proposal. Lastly, the balancing test clearly favors prohibiting the needless and harassing second deposition of Cruisers when all of this information was previously provided.

10. In instances where a second corporate representative deposition is allowed, courts in the Eleventh Circuit have limited the subsequent deposition to "those topics for which deposition testimony has not been provided." *In re Brican Amer. LLC Equip. Lease Litig.*, No. 10-MD-02183, 2013 WL 5519969, at *12 (S.D. Fla. Oct. 1, 2013). Not only does Plaintiff have the burden to show that the second corporate representative deposition is required, but he also can only inquire as to topics that have not been previously explored. Again, none of the five topics are new.

11. Federal Rule of Civil Procedure 26(c)(1) allows for a party from whom discovery is sough to seek a protective order in order to prevent "annoyance, embarrassment, oppression,

or undue burden or expense…". The facts at issue in this case warrant the protective order under virtually every of these grounds. Furthermore, Rule 26(c)(3) expressly references Rule 37(a)(5), which allows for the recovery of reasonable attorneys' fees with respect to a protective order. Accordingly, Cruisers requests that this Court award the reasonable attorneys' fees and expenses incurred in litigating this issue. Even if Plaintiff conducts the second deposition of Cruisers' corporate representative by telephone, counsel for Cruisers will have to fly to Wisconsin in order to defend the deposition. If the Court determines that the second deposition is appropriate, Cruisers alternatively requests that Plaintiff pay for the travel and lodging expenses to be incurred by Cruisers' counsel in order to defend the deposition.

12. Furthermore, as the deposition is currently scheduled for approximately two weeks from the date of the filing of this motion, there is a possibility that the briefing will not be complete by the date of the deposition. As such, Cruisers respectfully requests a stay of the deposition pending resolution of this motion pursuant to Rule VII.B of the Middle District of Florida's Handbook on Civil Discovery.

WHEREFORE, Defendant KCS International, Inc. a/k/a Cruisers Yachts, Inc. respectfully requests that this Court enter a protective order that bars Plaintiff Gregory Anderson from proceeding with the deposition of the corporate representative on February 23, 2016, staying the deposition pending the resolution of this motion, awarding reasonable attorneys' fees, and for any other further relief this Court may deem proper.

## CERTIFICATION OF CONFERRAL

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Rule 3.01(g) of the Local Rules for the Middle District of Florida, the undersigned hereby certifies that counsel for Cruisers has conferred with counsel for Plaintiff regarding the issues presented by this Motion and attempted

in good faith to resolve or narrow the issues without court action. Counsel for Plaintiff has indicated that they oppose the relief requested in this Motion and they intend to continue with the second corporate representative deposition of Cruisers on February 23, 2016.

Dated: February 8, 2016

Respectfully submitted,

 /s/  Christina M. Paul
Christina M. Paul, Esq.
Florida Bar No. 596876
christina.paul@klgates.com
**K&L Gates LLP**
200 S. Biscayne Boulevard, Suite 3900
Miami, FL 33131-2399
Telephone:	305-539-3300
Facsimile:	305-358-7095
Email:	Anderson-KCS@klgates.com
*Counsel for Defendant*
*KCS International a/k/a Cruisers Yachts Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record on the below service list on this 8th day of February, 2016.

 /s/  Christina M. Paul

### Service List
### Case No. 3:15-cv-950-TJC-MCR

P. Campbell Ford, Esq.
cford@fordmiller.com
Alison Blake, Esq.
ablake@fordmiller.com
**Ford, Miller & Wainer, P.A.**
1835 North Third Street
Jacksonville Beach, FL 32250
Telephone:	904-390-1970
Facsimile:	904-390-1975
Email:	service FMW@fordmiller.com
*Counsel for Plaintiff*

Henry H. Bolz, III, Esq.
hbolz@kellerbolz.com
**Keller & Bolz, LLP**
121 Majorca Avenue, Suite 200
Coral Gables, FL 33134
Telephone:	305-520-8500
Facsimile:	305-529-0228
Email:	ahart@kellerbolz.com
*Counsel for Defendant, The Boat Connection*