UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY A. ANDERSON,

    Plaintiff,

v.

CASE NO. 15-00950-TJC-MCR

KCS INTERNATIONAL, INC., a/k/a
CRUISERS YACHTS, INC., and THE
BOAT CONNECTION,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER AS TO KCS INTERNATIONAL, INC.'S THIRD-PARTY SUBPOENA FOR DOCUMENTS TO HAZOURI ELECTRIC, INC. AND REQUEST FOR STAY PENDING COURT RESOLUTION OF THE MOTION

COMES NOW Plaintiff, Gregory A. Anderson ("Anderson"), by and through his undersigned attorney and pursuant to Rules 26(c)(1) and 45(d)(3), Federal Rules of Civil Procedure, hereby requests that the Court quash and/or enter a protective order as to the documents sought from Hazouri Electric, Inc., as well as a stay on this issue pending resolution of this Motion.[1]  In support thereof, Anderson states as follows:

1.    Anderson brought the instant action against Defendants, KCS International, Inc. a/k/a Cruisers Yachts, Inc. ("Cruisers") and The Boat Connection, in relation to the purchase of a Cruisers 328 Bowrider Boat ("the Vessel") that to date, has failed to operate properly.  One of the issues in this case is the fact that there are electrical problems with the subject Vessel.

---

[1] This Motion was in the process of being finalized when the Court entered its February 10, 2016 Order temporarily granting Anderson's Motion to Quash [D.E. 22] and Second Motion to Quash [D.E. 24].  Anderson assumes that the temporary stay on the discovery sought is directed only to the four (4) motions subject of the Court Order and not all of the third-party subpoenas Cruisers has already served, despite insufficient notice.  Accordingly, Anderson is filing this Motion in an abundance of caution and requesting a stay consistent with this Court's February 10, 2016 Order.

2. Cruisers has raised the issue that the problem is the shore power and not the Vessel, despite the fact that the shore power has been checked on numerous occasions by qualified electricians and no problem has ever been detected. Nevertheless, in its quest to determine whether there is, in fact, an issue with the shore power, Cruisers sought to receive the documents reflected in the subpoena attached hereto as **Exhibit "A"** and directed to Hazouri Electric Inc.[2]

3. In the subpoena, Cruisers demands production of Hazouri Electric's "entire file" pertaining to Anderson, his and his wife's residence ("the Property"), and their ownership of the Property. Clearly, the subpoena is substantially overbroad as there has never been any allegation related to the electricity in Anderson's residence, which is unrelated to the shore power that Cruisers is allegedly trying to investigate and blame for its defective boat.

4. The subpoena goes on to request any and all communications, documentation, records, and/or information as to any and all electrical power permits, work, and/or repairs relating to "the Property", photographs and videos relating to the electric system and electrical wiring on "the Property", work orders and repairs performed on "the Property", and "all other records in your file pertaining to the Property and/or Mr. and Mrs. Anderson's ownership of the Property." These are just a few examples.

5. The entire subpoena goes well beyond any needed documents and does not even limit the permit requests in time. As phrased, the subpoena covers the building of the house, yard lighting, remodeling of the home and any and all other electrical issues and, perhaps more importantly, any and all communications related to said issues when the requests are not even related to the specific shore power where the boat is connected to the shore power down at the

---

[2] The undersigned did not attach the other subpoenas that are the subject of the Notice of Intent since they are not related to this Motion.

dock where the boat is maintained.

## PATTERN OF BEHAVIOR

6.  Contrary to Cruisers' Certificate of Service on the Notice of Intent, which states it was served on the undersigned on February 2, 2016, Cruisers did not actually serve the notice of intent to serve a Subpoena *Duces Tecum* on Hazouri Electric until the following day, February 3, 2016 at 3:26 p.m. A copy of the email is attached hereto as **Exhibit "B"**.[3] This is significant because Cruisers had the subpoena served <u>only four (4) hours later</u>. **The return of service is attached hereto as Exhibit C**. Notably, the return of service demonstrates that the subpoena to Hazouri Electric was provided to the process server on January 6, 2016 – nearly one (1) month before Anderson received notice. While Anderson can certainly appreciate a party not wanting to waste time effectuating service on another and therefore providing a process server with the subpoena ahead of time, providing Anderson with only one and a half (1 ½) business hours' notice to object (assuming his counsel is even in the office to receive the notice to then forward to Anderson) is clearly not reasonable. The failure of Cruisers to provide reasonable notice prior to actually having the subpoenas served has already been raised by Anderson in several Motions pending before the Court.

7.  Anderson's counsel has received the following other notices of intent and service of subpoenas:

a) Hancock Bank was noticed on Thursday, January 28, 2016 and the subpoena was already out the door on Monday, February 1, 2016 and served on Tuesday, February 2, 2016;

---

[3] Plaintiff did not attach all of the subpoenas attached to the notices since the notices identify the entities from whom discovery was being sought.

b) St. Johns County was noticed on February 3, 2016[4], counsel objected on February 4, 2016, and on Friday at 5:00 p.m., counsel for Cruisers indicated it was going to serve the subpoena on Monday morning and that the undersigned was welcome to file a motion to quash.

8. The undersigned made a good faith effort to resolve this issue (**Exhibit "D"**), but the parties were unable to reach a resolution.

## MEMORANDUM OF LAW

9. Rules 45 and 26 of the Federal Rules of Civil Procedure govern the discovery process including subpoenaing third parties for documentation.

10 Rule 45(d)(3)(A)(iii) states that a subpoena must be quashed or modified when it requires disclosure of privileged or other protected matter, if no exception or waiver applies. *Id*.

11. Under Rule 26(b)(1),

> parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id*.

12. A party may move for a protective order to protect it from annoyance, embarrassment, oppression or undue burden or expense. *Id*. The moving party must show good cause.

13. Cruisers is specifically requesting information related to Anderson's residence, which is unrelated to the shore power or his boat. Cruisers' intent is to continue harassing and annoying Anderson.

---

[4] This is the same notice of intent as Hazouri Electric's where the Certificate of Service was served on February 2, 2016, despite it really being served on February 3, 2016 at 3:26 p.m.

14. Cruisers' practice of demanding irrelevant documents from a litany of third parties for the purpose of harassing and annoying Anderson is causing him to spend significant time and money to quash the requests that Cruisers already knows it is either not entitled to or does not need for this case.

15. Plaintiff is entitled to have the subject subpoena quashed under Rules 45(d)(3) and 26(c)(1), and a protective order entered under Rule 26(c)(1)

16. Rule 26(c)(3) expressly references Rule 37(a)(5), which allows for the recovery of reasonable attorneys' fees with respect to a protective order. Anderson requests that this Court award the reasonable attorneys' fees and expenses incurred in litigating this issue.

17. Anderson also requests that the Court enter a stay with respect to this subpoena, especially considering Cruisers has already served the subpoena. Anderson also believes it appropriate for the Court to order counsel to return the documents without reviewing them if they were already provided and the Court deems it appropriate.

WHEREFORE Plaintiff, Gregory A. Anderson, respectfully requests this Court to quash the subpoena directed to Hazouri Electric, Inc., and/or enter a protective order on same, stay the subpoena until the Court rules and award attorneys' fees and costs, and for any other and further relief this Court deems appropriate and just, including the return of documents if appropriate.

## NOTICE OF COMPLIANCE

Pursuant to Local Rule 3.01, the undersigned conferred with counsel for Cruisers prior to filing this Motion, but the parties were unable to reach a resolution as to the non-party subpoena subject of the instant Motion.

*P. Campbell Ford*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of February 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notices of electronic filings to the following:

| | | |
|---|---|---|
| Henry H. Bolz, III | Christina M. Paul | Gregory A. Anderson |
| Keller & Bolz, LLP | K & L Gates, LLP | AndersonGlenn LLP |
| 121 Majorca Ave., #200 | 200 South Biscayne Blvd. | 4400 Marsh Landing Blvd. |
| Coral Gables, Florida 33134 | Suite 3900 | Suite 4 |
| hbolz@kellerbolz.com | Miami, Florida 33131 | Ponte Vedra, FL 32082 |
| ahart@kellerbolz.com | christina.paul@klgates.com | gaanderson@asglaw.com |
| 305-529-8500 (telephone) | linda.vasserot@klgates.com | janderson@asglaw.com |
| 305-529-0228 (facsimile) | docketing.east@klgates.com | case@asglaw.com |
| *Counsel for Defendant, The Boat Connection, Inc.* | 305-539-3300 (telephone) | 904-273-4734 (telephone) |
| | 305-358-7095 (facsimile) | 904-273-4712 (facsimile) |
| | *Counsel for KCS Int'l a/k/a Cruisers Yachts, Inc.* | *Co-counsel for Plaintiff* |

Respectfully submitted,

**FORD, MILLER & WAINER, P.A.**

*/s/ P. Campbell Ford*
**P. Campbell Ford, Esquire**
Florida Bar No. 0480495
cford@fordmiller.com
1835 N. Third Street
Jacksonville Beach, Florida 32250
904-390-1970    904-390-1975 (facsimile)
serviceFMW@fordmiller.com
Attorney for Plaintiff